Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

Division

KEVIN J BOEVE

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

PENTAGON FEDERAL CREDIT UNION;
AKA PENFED CREDIT UNION

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. 3:24 cv 444
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*   ☒ Yes   ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | KEVIN J BOEVE |
| Street Address | 120 Rose Street |
| City and County | Venice, Sarasota County |
| State and Zip Code | FL 34293 |
| Telephone Number | (616) 566-7002 |
| E-mail Address | kevinboeve@proton.me |

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PENTAGON FEDERAL CREDIT UNION |
| Job or Title (if known) | |
| Street Address | 7940 Jones Branch Drive |
| City and County | McLean, Fairfax County |
| State and Zip Code | VA 22102 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

8 U.S.C. § 1101(a)(23)
12 U.S.C. § 412
12 U.S.C. § 504
18 U.S.C. § 8
18 U.S.C. § 1348
18 U.S.C. § 1581
18 U.S.C. § 1583
18 U.S.C. § 1584
18 U.S.C. § 1589
18 U.S.C. § 1593A
UCC 3-104
UCC 3-307
UCC 3-311
UCC 3-603(b)

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* KEVIN J BOEVE _____, is incorporated under the laws of the State of *(name)* Florida _____,

and has its principal place of business in the State of *(name)* _____

Page 3 of 14

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Florida                                    .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of

   the State of *(name)* _____ . Or is a citizen of

   *(foreign nation)* _____ .

   b.    If the defendant is a corporation

   The defendant, *(name)*    PENTAGON FEDERAL C U         , is incorporated under

   the laws of the State of *(name)*    Virginia                         , and has its

   principal place of business in the State of *(name)*    Virginia                    .

   Or is incorporated under the laws of *(foreign nation)*  _____ ,

   and has its principal place of business in *(name)*  _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Refund extraneous payments made on account 33441226819, estimated to be $7,000.

Return the 2016 Audi Q3, VIN #WA1FCFS0GR002953, that was taken from plantiffs property morning of April 17, 2024 valued at $13,756.44(based on defendant's insurance policy estimate, EXHIBIT A).

$1,000,000.00 for obtaining property under false pretenses per plaintiff's Transgression Fee schedule item (p.).

$100,000.00 for failure to provide full contract signed by all parties per plaintiff's Transgression Fee schedule item (o.).

$500,000.00, for 5 occurances(from January 16, 2024 to date) of non response and/or incomplete response per plaintiff's Transgression Fee schedule item (q.).

$1,000,000.00 for dishonor in commerce per plaintiff's Transgression Fee schedule item (u.).

$100,000.00 trespass on plantiff's motor conveyance per plaintiff's Transgression Fee schedule item (s.).

$100,000.00 seizure of plantiff's motor conveyance per plaintiff's Transgression Fee schedule item (u.).

$100,000.00 unauthorized relocation of plantiff's motor conveyance per plaintiff's Transgression Fee schedule item (t.).

$100,000.00 theft of plaintiff's license plate per plaintiff's Transgression Fee schedule item (v.).

$100,000.00 unpaid trespass fines resulting from Action Towing representatives.

In summary the above amounts total $4,020,756.44 (four-million twenty-thousand seven-hundred fifty six dollars (USD) & 44/100).  Please note this does not include the amount in damages included in paragraphs 128 and 129 in the relief section(IV.).

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

PLANTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, person KEVIN J BOEVE, presented by man Kevin J Boeve, allege and state as follows: (Please note that the spelling of each name is important and will always be as above throughout this complaint for clarity in the court.)

## INTRODUCTION

1. The plaintiff's cause of action is brought before this Honorable Court for actual, statutory, and punitive damages, against Defendant PENTAGON FEDERAL CREDIT UNION AKA PENFED CREDIT UNION (hereafter, collectively "PENFED"), for peonage by subjecting plaintiff to being held in debt servitude due to fraud, pursuant to 18 U.S.C. § 1581, et al., under threat of repossession.

## JURISDICTION AND VENUE

2. Through the power of naturalization, found in 8 U.S.C. § 1101(a)(23), Kevin J Boeve confers the nationality of the State called "COMMONWEALTH OF VIRGINIA" on KEVIN J BOEVE, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

3. Kevin J Boeve confers that KEVIN J BOEVE will be on a general appearance. Kevin J Boeve will be speaking on behalf of KEVIN J BOEVE because KEVIN J BOEVE is incapable of speaking or writing.

4. PENFED is a person doing business in "COMMONWEALTH OF VIRGINIA," through the power of naturalization, and is within the jurisdiction of this court.

## PARTIES

5. Plaintiff is a person residing in Sarasota County, Florida.

6. Plaintiff resided in Sarasota County, Florida, at all times relevant and related to Plaintiff's stated herein took place in and around Fairfax County, Virginia.

7. Defendant PENFED is listed by the Virginia State Corporation Commission Clerk's Information System under the "Entity Name(s)". PENFED TITLE, LLC. Defendant's Principal Place of Business Address is 7940 Jones Branch Drive Mc Lean Virginia 22102.

8. Defendant conducts business in the State of Virginia. PENFED has formation date listed as 7/28/2006.

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

## GENERAL FACTUAL ALLEGATIONS

11. KEVIN J BOEVE has a account/loan #33441226819 with PENFED.

12. Kevin J Boeve gave permission to PENFED to access and use the credit of KEVIN J BOEVE.

13. From the inception of account/loan #33441226819, this account was improperly performed on by Kevin J Boeve on behalf of KEVIN J BOEVE.

14. Improper performance was by submitting extraneous negotiable instruments called Federal Reserve Notes.

15. Proper performance would have been to indorse the original collateral security under special negotiation, prior to it being exchanged for Federal Reserve Notes.

16. Kevin J Boeve failed to do a special indorsement on the original collateral security.

17. Had Kevin J Boeve known, Kevin J Boeve would have done a special indorsement on the collateral security all the way from the beginning.

18. Kevin J Boeve never intended to do ANY blank indorsements on behalf of KEVIN J BOEVE.

19. Proper performance is done primarily through clear orders and special indorsements.

20. Improper performance is done with blank indorsements and lack of orders.

21. Proper performance balances the accounting.

22. Improper performance unbalances the accounting.

23. There was a promissory note made on this loan.

24. A promissory note is a unconditional promise to pay.

25. A promissory note is a negotiable instrument.

26. "Promissory note" and "note" mean the same thing.

27. Federal Reserve Notes are promissory notes.

28. Federal Reserve Notes are negotiable instruments.

29. All promissory notes are collateral securities in accordance with 12 U.S.C. § 412.

30. Each month there was a billing statement generated on the above account.

31. A "billing statement" is an unconditional order to pay.

32. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".

33. An unconditional order to pay is a bill of exchange.

34. A bill of exchange is a negotiable instrument.

35. Bills of exchange are collateral securities in accordance with 12 U.S.C. § 412.

36. All promissory notes produced by KEVIN J BOEVE are under the purview of 18 U.S.C. § 8.

37. All bills of exchange sent to KEVIN J BOEVE are under the purview of 18 U.S.C. § 8.

38. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the

United States (18 U.S.C. § 8).

39. January 16, 2024, Offer to Pay in Full letter was sent to PENFED via USPS certified mail # 9589 0710 5270 1277 1464 67. (EXHIBIT B)

40. USPS Return Reciept card indicated documents in paragraph 39 were received by PENFED agent Omar Merado on January 22, 2024.

41. No response from the documents in paragraph 39 were ever conveyed to KEVIN J BOEVE.

42. March 15, 2024, Request for Full Disclosure and transgression fee schedule was sent to PENFED via USPS certified mail # 9589 0710 5270 1277 1466 58. (EXHIBIT C)

43. USPS Return Reciept card indicated documents in paragraph 42 were received by PENFED agent Omar Merado on March 29, 2024.

44. Requested items in paragraph 42 were never conveyed to KEVIN J BOEVE.

45. April 17, 2024, Action Towing under the instruction of PENFED tresspassed on property of KEVIN J BOEVE and removed 2016 Audi Q3 VIN# WA1GFCFS0GR002953 from the property.

46. April 17, 2024, Violation Notice was sent to PENFED via certified mail # 9589 0710 5270 1410 2858 93. (EXHIBIT D)

47. USPS Return Reciept card indicated documents in paragraph 46 were received by PENFED agent Omar Merado on April 22, 2024.

48. No response from documents in paragraph 46 were ever conveyed to KEVIN J BOEVE.

49. April 25, 2024, Final Conditional Offer was sent to PENFED via USPS certified mail # 9589 0710 5270 1410 2859 23. (EXHIBIT E)

50. USPS Return Reciept card indicated documents in paragraph 49 were received by PENFED agent Omar Merado on April 28, 2024.

51. May 17, 2024, KEVIN J BOEVE received response via USPS mail from documents in paragraph 49 from PENFED agent Robert Sapp. (EXHIBIT F)

52. In the PENFED document received by KEVIN J BOEVE on May 17, 2024, Robert Sapp claims that "payments must be made in U.S. dollars and drawn on a U.S. Financial Institution with sufficeint funds."

53. June 3, 2024, Non-Negotiable Request for Full Disclosure was sent to PENFED via USPS certified mail # 9589 0710 5270 1277 1467 95 in an attempt to verify claims of PENFED agent Robert Sapp. (EXHIBIT G)

54. USPS Return Reciept card indicated documents in paragraph 53 were received by PENFED agent Omar Merado on June 6, 2024.

55. No response from documents in paragraph 53 were ever conveyed to KEVIN J BOEVE as of the date this complaint was created.

56. Any previous arbitration clauses or agreements are hereby void due to the extreme alleged felonies and fraud associated with this case. Also, any real property involved in this case are no longer collateral on any loans due to the original collateral security (note) being the only collateral needed to secure this loan.

## COUNT ONE - BREACH OF CONTRACT

57. Kevin J Boeve was attempting to perform on the account.

58. The definition of "payment" is: "The fulfillment of a promise, or the performance of an Agreement.".

59. One definition for "tender" is: "The offer of performance, not performance itself, and, when unjustifiably refused, places the other party in default and permits party making tender to exercise remedies for breach of contract.".

60. The above definition is in accord with UCC 3-603(b).

61. KEVIN J BOEVE presented PENFED with an additional negotiable instrument to perform on the account.

62. The tender of payment made in paragraph 49 was refused by PENFED.

63. Had PENFED communicated to Kevin J Boeve about his options, he would have done the necessary indorsement on any instruments to properly perform.

64. Kevin J Boeve made several attempts to perform on this account.

65. PENFED ignoring those attempts is evidence of dishonor.

66. That dishonor caused anxiety and depression due to Kevin J Boeve not getting the information needed to properly move forward and clarify or complete attempts to perform.

## COUNT TWO - BREACH OF FIDUCIARY DUTIES

67. KEVIN J BOEVE is the beneficiary of PENFED account 33441226819.

68. PENFED has a fudiciary duty to the financial success of KEVIN J BOEVE.

69. PENFED is paid to ensure the law is correctly applied in respect to beneficiary KEVIN J BOEVE.

70. PENFED has an obiligation and desire to ensure that UCC Article 3 is properly followed.

71. PENFED has an obiligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

72. Once presented with orders or conditional acceptances above, PENFED never attempted to clarify or perform for Kevin J Boeve or KEVIN J BOEVE.

73. PENFED follows 12 U.S.C. § 412.

74. PENFED has had access to the Federal Reserve Window services since 7/11/1994, according to the Federal Reserve Master Account and Services Database.

75. PENFED acknowledges that it would be in the best interest of their beneficiaries to do special indorsements on negotiable instruments.

76. PENFED acknowledges that, if clients knew how to do a special indorsement, a vast majority would do it.

77. PENFED never mentioned to either Kevin J Boeve or KEVIN J BOEVE about the benefits of special indorsements.

78.  This harmed KEVIN J BOEVE by now having an imbalanced account and having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes, then send them in to PENFED to "pay" the account.

79.  This breach of fiduciary duty has caused years of anxiety over the extraneous paying of bills with Federal Reserve Notes that is entirely unnecessary.

## COUNT THREE - 12 U.S.C. § 504 (CIVIL MONEY PENALTY - FEDERAL RESERVE ACT)

80.  This statute is involved because PENFED never attempted to work with Kevin J Boeve's performance.

81.  This Civil Money Penalty is collected and deposited in the Treasury, so plaintiff intends to send a copy of this complaint to the SEC, Federal Reserve, Office of the Comptroller as well as the Treasury for inspection and collection.  PLAINTIFF IS WILLING TO FOREGO THIS STEP IF DEFENDANT IS WILLING TO QUICKLY AND RAPIDLY SETTLE ALL FEES IN RELATION TO VIOLATIONS THAT OCCURRED OUTLINED IN PARAGRAPHS 114-129 (DEFENDANT CAN SIMPLY PLACE "N/A" ANSWER ON THIS PARAGRAPH).

## COUNT FOUR - 18 U.S.C. § 1348 (SECURITIES AND COMMODITIES FRUAD)

82.  Plaintiff was never informed as to the original instrument being negotiable.

83.  Plaintiff was never informed by PENFED of various optional indorsements in accordance with UCC Article 3.

84.  Plaintiff has a responsibility to avail himself of his optional indorsements, PENFED could have spent a very short period of time to educate plaintiff about indorsements as part of their fiduciary duties.

85.  Fraud occured due to complete failure to disclose the terms and options of signing/indorsing the related collateral security.

86.  This damaged plaintiff materially due to valuable instrument(s) being purloined and not available for plaintiff.

87.  Due to Kevin J Boeve's signature being the birth of value for this negotiable instrument, Kevin J Boeve and KEVIN J BOEVE are the secured parties for all transactions in the contract.

88.  Each individual credit transaction on this account(#33441226819) would be a separate charge of this felony.

## COUNT FIVE - 18 U.S.C. § 1581 (PEONAGE)

89.  Plaintiff was forced to work and perform under this contract as "debt," when the debt was only existing due to a failure to use a special indorsement on the original note.

90.  Plaintiff had to work or find entirely irrelevant negotiable instruments (Federal Reserve Notes) in order to falsely satisfy "performance" on this account.

91.  PENFED made it appear that the plaintiff was in debt by failing to help the plaintiff do a special indorsement.

92.  PENFED threatened the plaintiff with repossession if plaintiff failed to "perform" within the flase contract of needing to tender extraneous Federal Reserve Notes.

## COUNT SIX - 18 U.S.C. § 1583 (ENTICEMENT INTO SLAVERY)

93. Due to a failure to do a special indorsement (which could easily have been done), plaintiff was enticed into having to pay each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

94. Plaintiff was intimidated with fear of losing his property to perform in an absolutely unnecessary way (slavery).

95. Plaintiff got absolutely no equal consideration in the exchange for his collateral security and negotiable instrument beyond the facilitation of security swaps and transfers.

96. PENFED could have informed plaintiff of a special versus blank indorsement, it is assumed that the intent was to intice the plaintiff into slavery.

## COUNT SEVEN - 18 U.S.C. § 1584 (SALE INTO INVOLUNTARY SERVITUDE)

97. Due to the financial gain of having the plaintiff do a blank indorsement rather than a special indorsement on the original collateral security PENFED had financial motive to ensure plaintiff indorsed with a blank indorsement.

98. Intent to have plaintiff sign with a blank indorsement was pre-conceived by PENFED.

99. Intent to have plaintiff do a blank indorsement allowed PENFED to take possession of the collateral security without legally being considered theft.

100. While not legally theft, that transaction was not equal consideration.

101. Due to terms being so vague (uncommunicated), this can be constructed as coercion and fraud.

102. Plaintiff was left in a situation where he felt compelled to provide entirely irrelavent Federal Reserve Notes in order to prevent reposseion of his property.

## COUNT EIGHT - 18 U.S.C. § 1589 (FORCED LABOR)

103. 18 U.S.C. § 1589 includes forced services.

104. Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after his collateral security was purloined via a blank indorsement.

105. PENFED should have been providing a service of swapping the collateral security under special negotiation.

106. Kevin J Boeve would have been more satisfied to pay a small swap fee for the service of exchanging the collateral security at the Federal Reserve Window.

107. Instead, the plaintiff was forced to perform each month unnecessarily under the threat of punishment (repossession).

## COUNT NINE - 18 U.S.C. § 1593A (BENEFITING FINANCIALLY FROM PEONAGE, SLAVERY, AND TRAFFICKING IN PERSONS)

108. PENFED benefits from a blank indorsement by being able to keep all the Federal Reserve Notes after the application from the notes is complete (12 U.S.C. § 412).

109. PENFED benefits from a blank indorsement by being able to take back the property through repossession if the plaintiff was unable to supply irrelevant and extraneous Federal Reeserve Notes each month.

110. PENFED pretends it is the "lender" by claiming the collateral security, after it is released with a blank indorsement.

111. Under special negotiation, KEVIN J BOEVE is actually the lender and Kevin J Boeve is the borrower. PENFED is just a currency exchange at this point and facilitates Federal Reserve services.

112. PENFED collects substantially more Federal Reserve Notes by carefully failing to inform their beneficiaries of their indorsement options.

113. Due to lack of terms and communications, it is assumed that PENFED intends to intice its beneficiaries into slavery for financial gain.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

114.  Full discharge of above loan in it's current state.

115.  Removal of any and all negative/derogatory credit reporting at all credit bureaus.

116.  Full release of all interest and any liens on the property and return of property.

117.  Full refund of each individual extraneous payments made on the account in the form of Federal Reserve Notes.

118.  Restituition for fraud per Transgression Fee (r.) $1,000,000.00 (one-million). Payable in Federal Reserve Notes

119.  Restitution for failure to provide contract signed by all parties assessed per Transgression Fee violation (o.) $100,000.00 (one-hundred thousand). Payable in Federal Reserve Notes.

120.  Restitution for default by non responses or incomplete responses assessed per Transgression Fee violation (q.) $500,000.00 (five-hundred thousand).  Payable in Federal Reserve Notes.

121.  Restitution for dishonor in commerce assessed per Transgression Fee violation (u.) $1,000,000.00 (one-million).  Payable in Federal Reserve Notes.

122.  Restitution for obtaining property under false pretenses per Transgression Fee violation (p.) $1,000,000.00 (one-million).  Payable in Federal Reserve Notes.

123.  Restitution for trespass on motor conveyance per Transgression Fee violation (s.) $100,000.00 (one-hundred thousand).  Payable in Federal Reserve Notes.

124.  Restitution for unauthorized relocation of motor conveyance per Transgression Fee violation (t.) $100,000.00 (one-hundred thousand).  Payable in Federal Reserve Notes.

125.  Restitution for seizure of motor conveyance per Transgression Fee violation (u.) $100,000.00 (one-hundred thousand). Payable in Federal Reserve Notes.

126.  Restitution for theft of license plate per Transgression Fee violation (v.) $100,000.00 (one-hundred thousand).  Payable in Federal Reserve Notes.

127.  Restitution for unpaid trespass fines resulting from Action Towing representatives in the amount of $100,000.00 (one-hundred thousand).  Payable in Federal Reserve Notes.

128.  Restitution for refusal to discharge debt assessed per Transgression Fee violation (ii.) $100,000.00 (one-hundred thousand) plus current debt amount of $9,438.72 (nine thousand four hundred thirty eight & 72/100). Payable in Federal Reserve Notes.

129.  $3,000,000.00 (three-million) in damages. Payable in Federal Reserve Notes.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        06/11/2024

by: Kevin-J:Boeve:

Signature of Plaintiff        All rights reserved, without prejudice, without recourse

Printed Name of Plaintiff     for: KEVIN J BOEVE

### B.   For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address